BETTIE LARKIN, ET AL. *v.* B. F. CRAWFORD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—326.]

**Executor's Sale Set Aside When Conducted Unfairly.**

An executor in making a public sale of real estate represents the owners of the estate in a confidential relation, and where he agrees privately with a bidder present to bid for him and buy the property at a price not exceeding so much his conduct in so doing is unfair to those owning the property. He can not as their trustee be put in a position to represent those whose aim is to buy the property at

a low price; and where a sale is so made on a bid by the executor for such buyer it will be set aside as unfair. A trustee can not be allowed to represent both sides of a sale and purchase.

## APPEAL FROM GRAYSON CIRCUIT COURT.

October 30, 1883.

OPINION BY JUDGE LEWIS:

There can be no question of the powei of the executor under the will of H. C. Crawford, deceased, to sell the land in controversy. For by the 5th clause the testator expressly directs that after the death of his wife all the property devised to her, both real and personal, be sold at public auction and the proceeds paid by his executors to the devisees therein named. By the last clause power and authority is given to the executor to make and acknowledge deed or deeds for the land directed to be sold.

At the time of the sale three of the five interests in the land belonged to the appellant, S. G. Crawford, and the other two belonged to appellants, M. J. Acton and E. G. Larkin, two of the devisees. The sale was duly advertised and was made on a court day at the county-seat, there being no objection made to it until it was over. The only ground of complaint that we deem it necessary to notice is as to the manner in which the sale was conducted.

It appears that the tract of land was divided into two lots which were according to the advertisement first offered separately, when one of the lots was knocked off to appellant, F. J. Larkin, husband of E. G. Larkin, at $500, and the other to appellee, Jones, at $550, making the aggregate sum of $1,050 for the two lots. The entire tract was then offered and knocked off to appellees, Jones and Prewitt, who were the highest bidders at $1,150, which being more than the lots brought when sold separately, they were declared the purchasers and deeds for the land made to them by the executors.

It appears that one of the executors, J. W. Crawford, was during the time the sale was going on, but after the land had been offered and sold in lots, privately informed by appellees, Prewitt and Jones, that they had come to an agreement as to which lot each was to have and the proportionate amount each was to pay in case they made a joint purchase, and then and there requested him, Crawford, to bid for them, and if necessary to run the price up to $1,500, which·he

agreed to do. The land was knocked off to Crawford for $1,150, only one bid being made after he commenced. It was not disclosed nor known to the crowd present that the executor was bidding for Jones and Prewitt; nor is the proof satisfactory that either one of those interested in the land knew it, none of whom were present except Larkin and Acton, who were husbands of two of the devisees, S. G. Crawford, owner of the three-fifths of the land, being at the time a nonresident.

How much the conduct of the executor in undertaking to act for both sides prejudiced the interests and rights of those towards whom he occupied the confidential relation of trustee is not clearly made to appear. Nor is it necessary in order to invalidate the sale that the precise amount of loss sustained by them should be demonstrated with exactness. That his engagement to act in the interest of Jones and Prewitt placed him in antagonism to the devisees of the will of which he is executor he acknowledges when in answer to the question why he did not bid the $1,500 he said, "When I agree to do a job for a man I want to do the best I can for him."

It is not an unreasonable presumption that if the executor had remained faithful to his trust Jones and Prewitt would have been required to bid more than the $1,150 at which they got it through his agency, for his bidding was calculated to prevent free bidding and open competition. Whether the executors acted fraudulently or with honest intention does not matter; the conduct of one of them was improper and forbidden by public policy and inconsistent with fair dealing, and should never be upheld. Whether in fact prejudiced or not, the cestui que trusts had a right to repudiate the sale made under such circumstances, which those on the ground at the time did after they had ascertained the position occupied by the executor, and the others did subsequently.

The court erred in not setting aside the sale and canceling the deeds made by the executors to appellees, Jones & Prewitt. Wherefore the judgment dismissing the petition of appellants must be *reversed* and cause remanded for further proceedings consistent with this opinion. But the motion heretofore made to dismiss the appeal as to appellants, S. G. Crawford and M. J. Acton, must be *sustained*.

*Jas. S. Wortham, McHenry & Hill, for appellants.*
*A. B. Montgomery, G. W. Stone, for appellees.*